IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CRAIG FISHER, 8 Eisenhard Drive,
Ivyland, PA 18974,

    Petitioner,

vs.

COMMAND ARMS ACCESSORIES, LLC,
780 Haunted Lane, Bensalem PA, 19020,
and ELDAD OZ, 780 Haunted Lane,
Bensalem PA, 19020,

    Respondents.

Civ. No. 09-4557

## STIPULATION AND CONSENT ORDER

AND NOW, this 1st day of November, 2009, ~~day of October, 2009~~, upon consideration of the parties' stipulation and agreement to the appointment of a liquidating trustee to supervise the liquidation and winding-up of the business of Command Arms Accessories, LLC on the terms set forth herein, it is hereby

ORDERED that:

1.     Edward A. Phillips of the firm Amper, Politziner & Mattia LLP is appointed liquidating trustee (the "Trustee") pursuant to 15 Pa.C.S.A. § 8973(b) for Command Arms Accessories, LLC ("CAA") with the full powers set forth in this Stipulation and Order. The Trustee shall be the agent of this Court and solely the agent of this Court in acting as Trustee under this Stipulation and Order. The Trustee shall be accountable directly to this Court.

2.     The Trustee is directed and authorized to wind-up CAA's affairs, distribute CAA's assets in an orderly manner and effect CAA's liquidation. In furtherance of the foregoing, the Trustee is hereby provided with all powers and authority of an equity receiver

under federal law and is directed and authorized to do the following, without further application or Order of the Court:

    a. Assume full and exclusive control of the business activities of CAA.

    b. Take exclusive custody, control and possession of all assets (including without limitation bank accounts and investment accounts) and documents of, or in the possession, custody, or under the control of, CAA. The Trustee shall have full power to divert mail and to sue for, collect, receive, take possession of, hold, and manage all assets and documents of CAA..

    c. Take control of all premises of CAA, including but not limited to CAA's interest, if any, in the premises located on 780 Haunted Lane, Bensalem, Pennsylvania 19020.

    d. In the event that the Trustee concludes that such operation is required in order to maximize the value of the CAA estate for its members, the Trustee is also empowered to continue the operations of CAA for a reasonable time to be determined by the Trustee, including, if required, the extension, renegotiation, modification or amendment of existing contracts and purchase of insurance as advisable or necessary.

    e. Choose, engage, employ and compensate on a periodic basis attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Trustee deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Stipulation and Order.

    f. Make payments and disbursements from the Trusteeship estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Stipulation and Order.

g. Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts that the Trustee deems necessary and advisable to preserve or recover the assets of CAA or that the Trustee deems necessary and advisable to carry out the Trustee's mandate under this Order.

h. Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against CAA that the Trustee deems necessary and advisable to preserve the assets of CAA or that the Trustee deems necessary and advisable to carry out the Trustee's mandate under this Order.

i. Issue subpoenas to obtain documents and records pertaining to CAA and/or its estate, and conduct discovery in this action on behalf of CAA and/or its estate.

j. Open one or more bank accounts as designated depositories for funds of CAA. The Trustee shall deposit all funds of CAA in such a designated account and shall make all payments and disbursements from CAA or its estate from such an account.

k. Maintain accurate records of all receipts and expenditures that he makes as Trustee.

l. Perform all incidental acts that the Trustee deems to be necessary, desirable or appropriate to effectuate the terms of this Order.

m. Upon conclusion of the winding up of the affairs of CAA, the Liquidating Trustee shall provide the members of CAA and this Court with a Final Accounting through the last day of the month in which CAA's final liquidation is completed and shall cause to be filed any necessary certificate of dissolution and any necessary federal, state and local final tax returns on behalf of CAA. Such Final Accounting may, in the sole discretion of the Trustee, (i) contain any adjustments determined by the Trustee, in his sole discretion, to be necessary and

appropriate to compensate Craig Fisher and/or Eldad Oz for any action or inaction, by and/or on behalf of Craig Fisher and/or Eldad Oz, that is determined by the Trustee to be improper and/or otherwise inappropriate; and (ii) provide for the assignment, in such manner that the Trustee determines, in his sole discretion, is appropriate, of any assets of CAA and/or its estate to Craig Fisher and/or Eldad Oz. Neither Craig Fisher nor Eldad Oz shall object to or otherwise contest the Trustee's Final Accounting except on grounds of gross negligence and/or willful misconduct.

3. The Trustee shall be compensated for services rendered to the Trusteeship estate at the Trustee's standard hourly rate of $475 per hour, and shall be reimbursed for all out-of-pocket expenses incurred in carrying out his mandate under this Order, from CAA and/or its estate on a periodic basis during the pendency of the case, pursuant to the following procedures. The Trustee shall file with the Court and serve on counsel to Craig Fisher and Eldad Oz, the members of CAA, reasonably detailed applications for compensation and reimbursement of expenses on a periodic basis. Craig Fisher and Eldad Oz shall have ten (10) business days from the filing of each such application to assert any written objection to the payment of the compensation and/or expense reimbursement sought. In the absence of any such timely objection, the Trustee shall file a Certification of No Objection and the compensation and expense reimbursement at issue shall be immediately due and payable. In the event of a timely objection to any application by the Trustee for compensation and expense reimbursement: (a) the non-disputed portion of the amounts sought shall be immediately due and payable; and (b) the disputed portions of the amounts sought shall be allowed or disallowed by order of the Court, after notice and an opportunity for a hearing.

4. Immediately upon entry of this Order, Craig Fisher and Eldad Oz shall transfer or deliver possession, custody, and control of the following to the Trustee:

a. All of CAA's funds, assets, property owned beneficially or otherwise, and all other assets, wherever situated, within their custody and/or control.

b. All of CAA's books and records of accounts, financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers and check registers), consumer lists, title documents and other papers.

c. All funds and other assets belonging to third parties that are now held by CAA.

d. All keys and codes necessary to gain or to secure access to any assets or documents of CAA, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, email or other on-line accounts or other property.

5. Craig Fisher and Eldad Oz and all other officers, directors, employees, and agents of CAA shall fully cooperate with and assist the Trustee, and are hereby restrained and enjoined from directly or indirectly hindering or obstructing the Trustee in any manner. Each party shall bear any expenses and costs that the party incurs in cooperating with the Trustee, responding to requests from the Trustee, or interacting with the Trustee. To the extent Craig Fisher and/or Eldad Oz uses or relies on counsel or any other agent or expert when interacting with the Trustee, such party shall bear the cost of such counsel, agent or expert.

6. The Trustee shall determine what information, if any, the Trustee will need in making decisions relating to the carrying out of his duties and obligations under this Order. Without limitation of the foregoing:

a. The Trustee may contact one or more of the parties or one or more third parties to obtain information and Craig Fisher or Eldad Oz, or their representatives or counsel

may communicate to the Trustee such information as they may believe the Trustee requires to perform fully his functions as Trustee.

    b.    The Trustee and the parties may communicate with the parties' respective counsel or directly with the individual parties without counsel.

    c.    Upon the written request of the Trustee, Craig Fisher and Eldad Oz, as applicable, shall submit to the Trustee (i) a reasonably detailed written statement addressing any factual issues or questions raised by the Trustee; (ii) a specific statement of any issues the applicable party/parties believe the Trustee should address or investigate; and (iii) such other and further statements or information as the Trustee may request. The Trustee shall have the power and authority to determine, among other things, the time frame for any such submissions.

7.    Within thirty (30) days of the end of each quarter, the Trustee shall file with Court a written report setting forth CAA's cash receipts and expenditures in the prior quarter. The Trustee shall serve each such report upon counsel to Craig Fisher and Eldad Oz. The Trustee shall respond in a timely fashion to reasonable requests by the members of CAA for information regarding the operation of CAA.

8.    The Trustee shall have no liability to any party or person for any obligation of CAA that arose prior to the entry of this Order, and shall have no liability to any party or person for any claims or causes of action arising out of his service as Trustee except for claims for damages caused by the Trustee's gross negligence and/or willful misconduct. The assets of CAA shall be available as needed to fully indemnify the Trustee for any expenses (including without limitation attorneys' fees), costs and/or liabilities related to his defense of such claims or causes of action, except to the extent the Trustee is found liable for gross negligence and/or willful misconduct. Further, to the extent the assets of CAA are insufficient to indemnify the

Trustee fully for such indemnified expenses, costs and/or liabilities, Craig Fisher and Eldad Oz shall each be severally liable for 50% of the amount by which such indemnified expenses, costs and/or liabilities shall exceed the assets of CAA available to pay such expenses, costs and/or liabilities; *provided, however*, that neither Craig Fisher nor Eldad Oz shall have any personal responsibility or liability to indemnify the Trustee for expenses, costs and/or liabilities incurred in defending against a claim made against the Trustee by the other.

9. Craig Fisher and Eldad Oz, by and through their respective undersigned counsel, consent to the entry of this Stipulation and Order and warrant and agree that, in the event of a remand and/or dismissal of the within action, and notwithstanding any such remand and/or dismissal, (a) they will, upon the request of the Trustee, use their best efforts to cause an appropriate State or other court to enter an order substantially similar to the within Order; (b) they will not challenge, either directly or indirectly, the validity or enforceability of any action taken or decision made by the Trustee pursuant to the terms of this Order, and will not seek, either directly or indirectly, to hold the Trustee liable for any claims or causes of action arising out of his service as Trustee except for claims for damages caused by the Trustee's gross negligence and/or willful misconduct; and (c) they will cause CAA to, indemnify the Trustee, consistent with the terms hereof, for any expenses (including without limitation attorneys' fees), costs and/or liabilities related to his defense of such claims or causes of action, except to the extent the Trustee is found liable for gross negligence and/or willful misconduct. Further, to the extent the assets of CAA are insufficient to indemnify the Trustee fully for such indemnified expenses, costs and/or liabilities, Craig Fisher and Eldad Oz shall each be severally liable for 50% of the amount by which such indemnified expenses, costs and/or liabilities shall exceed the assets of CAA available to pay such expenses, costs and/or liabilities; *provided, however*, that

neither Craig Fisher nor Eldad Oz shall have any personal responsibility or liability to indemnify the Trustee for expenses, costs and/or liabilities incurred in defending against a claim made against the Trustee by the other.

10. The Trustee shall not be required to post any bond in connection with this matter.

11. This Stipulation and Order shall be binding upon the parties hereto, all other parties-in-interest, and their respective successors and assigns.

[remainder of page intentionally left blank]

12. Pending further order of the Court, all proceedings related to the petition brought by Craig Fisher instituting this action, including without limitation the filing of any counterclaims, motions to remand or dismiss, motions for summary judgment and the taking of any discovery, are hereby stayed; provided, however, that the Trustee may assert and prosecute any such matters that he may deem appropriate and necessary to fulfill his obligations under the terms of this Order.

BY THE COURT:

_____ J.

**STIPULATED AND AGREED TO:**

ELDAD OZ

By: _____
Joseph M. Donley, Esquire
Thorp Reed & Armstrong, LLP
One Commerce Square, Suite 1000
2005 Market Street
Philadelphia, PA 19103
(215) 640-8500 (phone)

and

Jerome C. Katz, Esquire
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9054 (phone)

*Counsel to Eldad Oz*

CRAIG FISHER

By: _____
John Chesney, Esquire
Drinker, Biddle & Reath, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
(215) 988-2700 (phone)

and

Grace M. Deon, Esquire
Eastburn & Gray, P.C.
60 East Court Street
P.O. Box 1389
Doylestown, PA 18901
(215) 345-7000 (phone)

*Counsel to Craig Fisher*

ENTERED
NOV 02 2009
CLERK OF COURT