UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| CRAIG FISHER | : |
| | : |
| Plaintiff | : |
| | : |
| vs. | : |
| | : |
| COMMAND ARMS | : |
| ACCESSORIES, LLC, et al. | :  Civil Action No. 2:09-cv-04557 |
| | : |
| Defendants | : |

_____

**RESPONSE TO REQUEST FOR
JOINT CASE MANAGEMENT PLAN**

This Joint Case Management Plan is being filed in response to the Second Amended Order setting a status conference on June 16, 2010 in which the Court requested that the parties submit a jointly proposed case management order. At this time, a traditional case management order is difficult, if not impossible, to complete as any issues arising from the liquidation are not yet known and any issues related to the original petition may become moot.

By way of background, this lawsuit originated as an emergency petition filed by Craig Fisher co-owner of Command Arm Accessories ("CAA") against CAA and Defendant Oz in the Court of Common Pleas for Bucks County, Pennsylvania. The petition sought judicial supervision over the dissolution of CAA and requesting the appointment of a liquidating trustee. The case was removed from common pleas court to this Court following Defendants' petition for removal. This Court entered an order and stipulation on November 2, 2009, staying the litigation and appointing Edward Phillips as trustee (herein "Trustee") to liquidate CAA.

Defendant Oz has not answered or otherwise pled in response to the petition, and as part of the Order appointing the Trustee and ordering the liquidation and dissolution of CAA the Court has expressly stayed any further litigation activity until the liquidation is completed.

Pursuant to liquidating CAA, a proposed asset purchase agreement (APA) will be distributed among interested parties by June 23, 2010. Following the dissemination of the APA, Trustee will use all reasonable efforts to sell assets, wind down and dissolve CAA and any issues between the parties that cannot be resolved by the Trustee will become clear at that time. In other words, it will only become clear if any issues actually require litigation in connection with the liquidation after dissemination of the APA and during the winding-down period.

Therefore, at this point, completing a case management plan, in which issues are defined and deadlines for dispositive motions, responsive pleadings, discovery and trial are established, would appear to be premature as the parties do not know what issues, if any, need to addressed. Indeed, there is a possibility that no issues arising from the liquidation will require litigation.

Therefore, the parties suggest completing a case management plan following the sale of the CAA assets and dissolution of CAA.

>	Respectfully submitted on behalf of
>	both Plaintiff and Defendants,
>
>	/s/Stephen J. Driscoll
>	Stephen J. Driscoll, Esquire
>	PA ID No. 71086
>	SAUL EWING LLP
>	Centre Square West
>	1500 Market Street, 38th Floor
>	Philadelphia, PA  19102-2186
>	Telephone: 215-972-8562
>	Facsimile: 215-972-1835
>	Email: sdriscoll@saul.com

Dated:  June 14, 2010